IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DARRYL OATES JR., § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-131-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Darryl Oates Jr., TDCJ-ID #1298482, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

A jury found Oates guilty of theft from a person in the 297th District Court of Tarrant County,

Texas, in Case No. 0911205A. On April 21, 2005, Oates pled true to the enhancement allegation in the indictment, and the jury assessed his punishment at fifteen years' confinement. (State Habeas R. at 52) Oates appealed his conviction and/or sentence, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Oates's petition for discretionary review. *Oates v. Texas*, No. 2-05-157-CR, slip op. (Tex. App.–Fort Worth Dec. 8, 2005) (not designated for publication); *Oates v. Texas*, PDR No. 213-06. Oates did not seek writ of certiorari. (Petition at 3.) He filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Oates*, No. WR-66,051-01, at cover. Oates filed this federal petition for writ of habeas corpus on January 23, 2007.[1]

### D. ISSUES

Oates claims he received ineffective assistance of trial counsel because counsel (1) failed to move for dismissal of his case on speedy trial grounds, (2) failed to request an examining trial, and (3) allowed enhancement of his sentence based on two felony convictions more than ten years old. He claims he received ineffective assistance of appellate counsel because counsel failed to raise significant and obvious issues on appeal. (Petition at 7; Pet'r Memorandum at 3)

### E. RULE 5 STATEMENT

Quarterman asserts Oates has not sufficiently exhausted his state remedies with regard to one or more of his claims. 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3-5.) Notwithstanding a petitioner's failure to exhaust state remedies, a federal court may deny the petition on the merits. *Id.* § 2254(b)(2).

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

F.  LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to

the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## H. INEFFECTIVE ASSISTANCE OF COUNSEL

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel).

To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The state habeas judge, who was also the trial judge, entered express findings of fact relevant to Oates's ineffective assistance claims and concluded Oates had provided no evidentiary basis for his claims and that he had thus failed to prove counsel's performance was deficient under *Strickland* or to show that, but for the alleged acts of attorney misconduct, the result of the proceedings would have been different. (State Habeas R. at 42-50) On those findings, the Texas Court of Criminal Appeals rejected Oates's claims. Federal habeas intervention is appropriate only if the state courts'

decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the state courts. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001). The state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Having independently considered each of Oates's ineffective assistance claims, it does not appear that the state courts' application of *Strickland*'s attorney-performance standard was erroneous or objectively unreasonable. Unsubstantiated allegations of ineffective assistance are insufficient to support an ineffective assistance claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, deferring to the state courts' interpretation of Texas procedural rules and/or statutory law, Oates appears to misunderstand relevant law on the underlying issues. Because Oates has not presented clear and convincing evidence to rebut the presumption of correctness of the state courts' adjudication of his claims, the state courts' decision is entitled to the appropriate deference.

## II. RECOMMENDATION

Oates's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until April 24, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 24, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 3, 2008.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE